UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

JULIE W.,[1]

      Plaintiff,

      v.

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

      Defendant.

Case No. 3:19-cv-00596-YY

OPINION AND ORDER

YOU, Magistrate Judge.

    The issue presented in this case is whether plaintiff had resources in excess of $2,000 such that she was ineligible for benefits. Plaintiff filed an application for supplemental security income (SSI) on August 19, 2014. She was initially found disabled as of July 18, 2014, and awarded benefits in a decision dated December 1, 2016. However, on January 31, 2017, the Social Security Administration notified plaintiff that she did not meet the requirements to receive SSI because she had resources in excess of $2,000, specifically a trust in the amount of $23,000. The ALJ issued a decision on April 12, 2018, finding that plaintiff's trust was a countable resource that was properly considered in determining her eligibility for SSI. This court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. §§ 405(g).

---

[1] In the interest of privacy, the court uses only plaintiff's first name and the first initial of plaintiff's last name.

1 – OPINION AND ORDER

The ALJ correctly found that the trust was not a special needs trust that was exempt from determining eligibility for benefits because it was not established through the actions of a parent, grandparent, legal guardian, or a court. Tr. 15; *see former* 42 U.S.C. § 1396p(d)(4)(A).[2] Plaintiff argues that, although her sister established the trust, her sister was acting on behalf of their father in her capacity as the representative of her father's estate.[3] Indeed, the trust, which was created in 2013, states it is "established to conform to the provisions of the Omnibus Reconciliation Act of 1993 pertaining to disabled individuals under the age of 65, which is found at 42 USC §1396p(d)(4)(A)." Tr. 45. Unfortunately, however, the trust also unequivocally states that it was "established" by plaintiff's sister. Tr. 45. Additionally, plaintiff's sister was unable to provide proof that she was plaintiff's legal guardian. Tr. 15. Therefore, the trust did not qualify for exemption under *former* 42 U.S.C. § 1396p(d)(4)(A).

Plaintiff urges the court to consider that the trust would have been exempt as of December 13, 2016, when the law changed to allow for a special needs trust to also be "established for the benefit of such individual by the individual." 42 U.S.C. § 1396p(d)(4)(A). In support, she submits a letter from an attorney asking her to contact his office to make an appointment for signing and includes as an attachment a copy of a Special Needs Trust

---

[2] *Former* 42 U.S.C. § 1396p(d)(4)(A), which was in effect through December 12, 2016, provided an exemption for:
>A trust containing the assets of an individual under age 65 who is disabled (as defined in section 1382c(a)(3) of this title) and which is established for the benefit of such individual by a parent, grandparent, legal guardian of the individual, or a court if the State will receive all amounts remaining in the trust upon the death of such individual up to an amount equal to the total medical assistance paid on behalf of the individual under a State plan under this subchapter.

[3] As evidence, plaintiff produced her father's will, in which plaintiff was bequeathed a 50% interest in the sale of real property and the residue from his estate. Tr. 141, 145. Plaintiff also proffered a check from a lawyer's trust account to the "Julie L. Williams Special Needs Trust." Tr. 138. Plaintiff explained that she wanted the money in a trust because "her decisionmaking was not always the best." Tr. 15.

2 – OPINION AND ORDER

Agreement. Tr. 149. But, again, the unfortunate fact remains that when the trust was created, it was established by plaintiff's sister, not by plaintiff herself.

Plaintiff contends that, if those arguments fail, she was otherwise eligible for benefits at least as of July 2017 when the trust funds were depleted. Plaintiff raised this issue in a prehearing letter dated February 1, 2018, in which her attorney explained that funds from the trust were exhausted in July 2017 and that plaintiff had no source of income, lived in subsidized housing, and survived on food stamps and Medicaid.[4] Plaintiff also submitted the June-July 2017 bank statement for the trust, which shows a combined balance of $1087, and other bank statements showing decreasing balances through December 2017-January 2018 when the combined balance was $40. Tr. 123–29.

The ALJ did not address this issue in her April 12, 2018 decision.[5] Rather, the ALJ noted that the Social Security Agency "found that the trust had been valued at approximately $23,000.00 from July 2014 and *continuing*, rendering her ineligible." Tr. 14 (emphasis added). But the unequivocal evidence in the record is that plaintiff's trust had fallen well below the threshold $2,000 amount at least as of July 2017. 42 U.S.C. § 1382(a)(1) provides that a person is entitled to benefits if she is disabled and her resources are below a certain threshold. Plaintiff was determined to be disabled, and at the time of the ALJ's April 12, 2018 decision denying her benefits based on the trust being a countable resource, the trust funds had been depleted. Tr.

---

[4] This letter is missing from the transcript provided by the Commissioner, but plaintiff has attached it as an exhibit (ECF 14-1), and the Commissioner has not objected to plaintiff's request to supplement the record with this document.

[5] The Commissioner does not address this argument, other than to contend that plaintiff failed to raise it before the ALJ. But, as the February 1, 2018 letter shows, plaintiff did assert this argument before the ALJ. Also, the record contains bank statements from June 2017 through January 2018 (with facsimile stamps dated January 20, 2018), which tend to corroborate plaintiff's claim that she preserved this argument before the ALJ.

3 – OPINION AND ORDER

118-132. Therefore, the ALJ erred in denying plaintiff benefits based on countable resources contained in the trust, and plaintiff is entitled to benefits as of July 2017.

## ORDER

The Commissioner's decision is REVERSED and REMANDED for an award of benefits as of July 2017.

DATED February 9, 2023.

                                                                     /s/ Youlee Yim You
                                                                     Youlee Yim You
                                                                     United States Magistrate Judge